UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

SHAWN GRAHAM,                                       :
                                                                 :         Civil Case No.: 1:18-cv-6812
                              Plaintiff,              :
                                                                 :
            -against-                                 :
                                                                 :
RWTW, LLC, KITH RETAIL, LLC, NEW ERA CAP     :
CO., INC., AMAZON.COM SERVICES, INC., and      :
SEARS HOLDINGS MANAGEMENT                     :
CORPORATION,                                         :
                                                                 :
                              Defendants.            :

-------------------------------------------------------------------- X

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT (this "Agreement") is entered
into as of January 14, 2019 by and among Shawn Graham ("Mr. Graham"), an individual with an
address at 2062 Strauss Street, Brooklyn, New York 11212, Kadeem Carnegie ("Mr. Carnegie"),
an individual with an address at 9918 Plum Creek Lane, Suite D, Charlotte, North Carolina
28210, RWTW, LLC ("RWTW"), a New York limited company with an address at 80 Franklin
Street, New York, New York 10013, Kith Retail, LLC ("Kith"), a New York limited liability
company with an address at 65 Bleecker Street, 4th Floor, New York, New York 10012, New
Era Cap Co, Inc. ("New Era"), a New York corporation with an address at 160 Delaware
Avenue, Buffalo, New York 14202 and Amazon.com Services, Inc. ("Amazon"), a Delaware
corporation with an address at 410 Terry Avenue North, Seattle, Washington 98109 (Mr.
Graham, Mr. Carnegie, RWTW, Kith, New Era and Amazon are sometimes referred to
individually as a "Party" and collectively, as the "Parties").

WHEREAS, Mr. Graham filed this action (this "Action") alleging, among other things,
that RWTW, Kith, New Era, Amazon and Sears Holdings Management Corporation ("Sears")
infringed upon Mr. Graham's ownership and use rights in the trademarks "RWTW" and "Roll
With The Winners" (the "Marks") by using the Marks in conjunction with clothing, headgear,
merchandise and other related goods and services; and

WHEREAS, on or about August 9, 2016, Mr. Graham registered the Marks with the
United States Patent and Trademark Office (the "USPTO") as U.S. Reg. No. 5017855 and U.S.
Reg. No. 5017663, each under international class ("International Class") 042 for the following
services: "Providing customized on-line web pages and data feeds featuring user-defined
information, which includes blog posts, new media content, other on-line content, and on-line
web links to other websites"; and

WHEREAS, on or about June 20, 2017, RWTW registered the trademark RWTW with
the USPTO as U.S. Reg. No. 5225746 under (1) International Class 014 for use in connection

with "Ornamental pins; Rubber or silicone wristbands in the nature of a bracelet," and (2) International Class 025 for use in connection with "Hats [and] T-shirts"; and

WHEREAS, by assignments dated September 18, 2017 and filed with the USPTO on September 29, 2017 (true and complete copies of which are attached hereto as "Exhibit A"), Mr. Graham assigned the Marks to himself and Mr. Carnegie jointly; and

WHEREAS, on or about October 10, 2018, Mr. Graham filed with the Court a stipulation dismissing defendant Sears, with prejudice, as a defendant in this Action (a true and complete copy of which is attached hereto as "Exhibit B").

NOW THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.    Mr. Graham's and Mr. Carnegie's Ownership and Use of the Marks Under International Class 042.

RWTW agrees not to contest the rights of Mr. Graham and Mr. Carnegie, or any assignee of such rights, to own and use the Marks under International Class 042 in a manner described as "providing customized on-line web pages and data feeds featuring user-defined information, which includes blog posts, new media content, other on-line content, and on-line web links to other websites." Mr. Graham and Mr. Carnegie agree not to use the Marks in connection with any goods or services other than those within International Class 042 and described as "providing customized on-line web pages and data feeds featuring user-defined information, which includes blog posts, new media content, other on-line content, and on-line web links to other websites."

2.    RWTW's Ownership and Use of the Marks Except Under International Class 042.

Mr. Graham and Mr. Carnegie, on their own behalf and on behalf of any assignees, agree not to challenge, in any manner (including by filing a Petition for Cancellation), RWTW's (or its assignee's) use or registration of the Marks under any International Class other than International Class 042. RWTW agrees not to use the Marks in connection with goods and services under International Class 042. For purposes of clarification, nothing herein shall prevent RWTW (or its assignees or licensee) from using the Marks in connection with online advertising and marketing goods and services offered under the Marks.

3.    RWTW's Payment to Mr. Graham.

A.    RWTW agrees to pay Mr. Graham Seventy Five Thousand Dollars ($75,000.00) as follows: (1) RWTW will pay Mr. Graham Twenty Five Thousand Dollars ($25,000) by check within five (5) business days after the date that the Parties have fully executed this Agreement and Mr. Graham has executed and forwarded to the undersigned counsel for RWTW, Rottenberg Lipman Rich, P.C., as escrow agent (the "Escrow Agent"), the stipulation of dismissal of this Action, with prejudice and without costs, in the form annexed hereto as "Exhibit C," except to

the extent that the Court shall retain jurisdiction over this Action as provided herein (the "Stipulation"); and (2) RWTW will pay Mr. Graham five percent (5%) of "Net Revenue," as defined below, received by RWTW from its sale of any merchandise branded with the Marks (each a "Product" and collectively, the "Products"), up to a total of Fifty Thousand Dollars ($50,000.00), with such amounts to be paid within thirty (30) days after the date that RWTW receives final payment on the sale of the merchandise.  Payments shall be made by regular check made payable to "Shawn Graham" and will be mailed by first class mail to 2062 Strauss Street, Brooklyn, New York 11212.

The Escrow Agent shall hold the Stipulation in escrow pending delivery to and clearance of the $25,000 check representing the payment referenced above in paragraph 3 (A) (1), upon which the Escrow Agent is authorized to release the Stipulation from escrow, file it with the Court and request the Court on behalf of all Parties to "So Order" this Agreement and the Stipulation.

For purposes of this Agreement, "Net Revenue" shall mean gross revenue received by RWTW from its sale of Products less: (i) amounts repaid or credited by reason of defects, returns, recalls, rejections or allowances, (ii) sales taxes, excise taxes, value added taxes and customs duties, paid, absorbed or allowed, (iii) commissions paid or actually allowed to independent contractors, brokers or agents, (iv) postage, delivery and shipping charges, and (v) trade and quantity discounts actually allowed (and taken) as customary in the trade.  Net Revenue shall not include revenue received by RWTW (or any of its affiliates) from transactions with an affiliate, where the Product in question will be resold by the affiliate; provided, the revenue received by the affiliate from resale of the Product is included in Net Revenue.  Revenue received by RWTW (or any of its affiliates) from transactions with an affiliate, where the Product in question is used by the affiliate solely for such affiliate's internal purposes shall be included in Net Revenue and the price charged shall be at least the fair market value of such Product.  For purposes hereof, the term "affiliate" means any person or entity controlling, under common control with, or controlled by RWTW.

B.      Any claim for non-payment under or breach of this Agreement shall made be solely against RWTW.

4.      <u>Release</u>.

Upon execution of this Agreement, Mr. Graham and Mr. Carnegie, together with any of their heirs, administrators, representatives, executors, successors and assigns (collectively, the "Releasors") forever, irrevocably, unconditionally and completely remise, release, waive, dismiss, give up and forever discharge RWTW, Kith, New Era and Amazon, and their respective past, present, direct or indirect parents, related and affiliated companies, subsidiaries, and each of their respective past and present officers, directors, employees, managers, agents, representatives, principals, owners, shareholders, members, heirs, executors, administrators, attorneys, accountants, insurers, predecessors, successors, and assigns (collectively, the "Releasees") from any and all actions, causes of action, suits, debts, disputes, administrative proceedings, charges, complaints, claims, demands, rights, liabilities, obligations, agreements, damages, costs, expenses and compensation relating to the Marks, and/or any claim which was

made or could have been made in this Action, whether known or unknown, suspected or unsuspected, foreseen or unforeseen from the beginning of the World to the date of full execution of this Agreement. The Releasors hereby covenant not to sue any of the Releasees or to participate or aid in any suit or proceeding (or to execute, seek to impose, collect or recover upon, or otherwise enforce or accept any judgment, decision, award, warrant or attachment) upon any claim released hereunder. The releases and covenants not to sue set forth in this paragraph shall be and remain in effect in all respects as a complete general release as to the matters released.

5.      Governing Law.

This Agreement shall in all respects be interpreted, enforced and governed pursuant to the laws of the State of New York, without regard to any conflicts of law principles. The Parties agree to waive the right to trial by jury as to any disputes pertaining to this Agreement.

6.      Retention of Jurisdiction.

The Parties agree to submit to the continuing jurisdiction of the Court and that the Court shall retain continuing jurisdiction over the Parties to provide a forum for the resolution of any dispute arising under this Agreement. The Parties will jointly request the Court mark this Action as "closed with leave to reopen" or some similar notation to permit the Parties to re-open the Action before this Court without the need for filing a new action provided that the Court is willing to do so.

7.      Jurisdiction Over Mr. Carnegie.

Mr. Carnegie agrees to be subject to the jurisdiction of this Court to the same extent as if he were a party to this Action.

8.      Non-Waiver.

Failure by any or all of the Parties to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any time be deemed a waiver or relinquishment of any right or power at any other time or times.

9.      Warranty of Capacity to Execute.

Each Party expressly represents that it has full authority to enter into this Agreement and that the person executing this Agreement in a representative capacity on behalf of any Party is empowered and authorized to do so.

10.     Severability.

Should any portion, word, clause, phrase, sentence or paragraph of this Agreement, including any attachment hereto, be declared void or unenforceable, such portion shall be

considered independent and severable from the remainder, the validity of which shall remain unaffected.

11.   Binding Effect.

The Parties acknowledge and represent that each of them has been afforded an opportunity to consult with, and has consulted with, an attorney of its own choice in connection with the execution of this Agreement, and has relied upon the advice of such attorney in executing this Agreement.  This Agreement shall be binding upon each of the Parties to this Agreement and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each of the Parties to this Agreement and to their respective heirs, administrators, representatives, executors, successors and assigns. Except for the release set forth in the above paragraph 4, the terms of this Agreement shall not create any right in any person, firm, corporation or entity other than the Parties and their respective successors and permitted assigns, and no third party shall have a right to enforce or benefit from the terms hereof.

12.   Modifications.

This Agreement may not be amended, altered, modified or otherwise changed except in writing executed by all Parties and expressly stating that it is an amendment to this Agreement.

13.   Headings.

The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation hereof.

14.   Entire Agreement.

This Agreement sets forth all of the terms, conditions and agreements between the Parties with respect to the subject matter hereof and supersedes any and all prior and contemporaneous terms, conditions and agreements between the Parties with respect to the subject matter hereof. There are no other agreements, promises, representations or warranties made or given in connection with any of the foregoing or concerning the subject matter hereof that are not contained herein.

15.   Counterparts.

This Agreement may be signed in counterparts, each of which when executed shall be deemed an original and shall be considered fully executed at the time that at least one counterpart has been signed by each of the Parties and delivered to each of the other Parties.  The signatures required for execution of this Agreement may be provided by facsimile or .pdf transmission, and such facsimile or .pdf signatures shall have the same force and effect as originals and shall constitute effective, binding agreements on the part of the signer.

16.   <u>Notices</u>.

All notices, consents, waivers and other communications required or permitted by this Agreement shall be in writing and shall be deemed given to a Party when (a) delivered to the appropriate address by hand or by nationally recognized overnight courier service (costs prepaid); (b) sent by e-mail with confirmation of transmission by the transmitting equipment; or (c) received or rejected by the addressee, if sent by certified mail, return receipt requested, in each case to the following addresses or e-mail addresses and marked to the attention of the person(s) designated below (or to such other address, facsimile number, e-mail address or person(s) as a Party may designate by notice to the other Parties):

If to Mr. Graham:

> Mr. Shawn Graham
> 2062 Strauss Street
> Brooklyn, New York 11212
> e-mail:  rollwiththewinners.net@gmail.com

With a copy to:

> Robert G. "TradeMarkRob®" Lopez
> RGL Consulting Group
> 230 Clinton Street – Suite 11C
> New York, New York 10002
> e-mail:  trademarkrob@gmail.com

If to Mr. Carnegie:

> Mr. Kadeem Carnegie
> 9918 Plum Creek Lane, Suite D
> Charlotte, North Carolina 28210
> e-mail:  rwtwteo@gmail.com

If to RWTW:

> RWTW, LLC
> 68 Jay Street, Suite 615
> Brooklyn, New York 1120180 Franklin Street
> Attention:  Mr. Justin Leonard
> e-mail:  justin@gamesevenmtg.com

With a copy to:

      Rottenberg Lipman Rich, P.C.
      The Helmsley Building
      230 Park Avenue, 18th Floor
      New York, New York 10169
      Attention:  Mark M. Rottenberg, Esq.
      e-mail:  mrottenberg@rlrpclaw.com

If to Kith:

      Kith Retail, LLC
      65 Bleecker Street, 4th Floor
      New York, New York 10012
      Attention: Ivo Nikolov
      e-mail:  ivo@kithnyc.com

With a copy to:

      Katten Muchin Rosenman LLP
      525 West Monroe Street
      Chicago, Illinois 60661
      Attention:  Kristin J. Achterhof, Esq.
      e-mail:  kristin.achterhof@kattenlaw.com

If to New Era:

      New Era Cap Co, Inc.
      160 Delaware Ave.
      Buffalo, New York 14202
      Attention:  Lorrie K. Turner, VP of Global Legal
      e-mail:  lorrie.turner@neweracap.com

With a copy to:

      Hodgson Russ, LLP
      605 3rd Avenue, Suite 2300
      New York, New York 10158
      Attention:  Neil Bryan Friedman, Esq.
      e-mail:  nfriedma@hodgsonruss.com

If to Amazon:

> Amazon.com Services Inc.
> 410 Terry Avenue North
> Seattle, Washington 98109]
> Attention: General Counsel
> e-mail: contracts-legal@amazon.com

With a copy to:

> Arent Fox LLP
> 1301 Avenue of The Americas, Floor 42
> New York, New York 10019
> Attention:  Michelle Mancino Marsh, Esq.
> e-mail:  Michelle.Marsh@arentfox.com

17. Escrow Provisions.

The following provisions regard the duties and obligation of the Escrow Agent.

a.     The Escrow Agent may resign and be discharged from its duties hereunder at any time by giving notice of such resignation to each of the Parties and specifying a date when such resignation shall take effect.  In the event of the resignation of the Escrow Agent, a successor Escrow Agent shall be appointed with the unanimous consent of the Parties, such successor Escrow Agent to become Escrow Agent hereunder upon the resignation date specified in such notice.  If the Parties are unable to agree upon a successor Escrow Agent within five (5) days after such notice, all obligations of the Escrow Agent hereunder shall, nevertheless, cease.

b.     The Escrow Agent's sole responsibility hereunder shall be to hold the Stipulation, and to deliver it in accordance with the terms of this Agreement or as may be directed in writing by the Parties hereto, or by an order, decree or judgment of the Court.

c.     In addition, the Escrow Agent may, but is not obligated to, petition the Court for the appointment of a successor Escrow Agent.  The Court may thereupon appoint a successor Escrow Agent after the Escrow Agent deposits the Stipulation into Court and after such notice, if any, to the Parties as the Court may deem proper and prescribe.

d.     The Parties shall have the right at any time upon unanimous consent to substitute a new Escrow Agent by giving notice thereof to the Escrow Agent then acting.

e.     Each of the Parties authorizes the Escrow Agent, if the Escrow Agent is threatened with litigation or is sued with respect to its duties hereunder, to interplead all interested Parties in any state or federal court of competent jurisdiction, and to deposit the Stipulation with the clerk of that court.

      f.      The Escrow Agent undertakes to perform such duties as are specifically set forth herein and may conclusively rely and shall be protected in acting or refraining from acting, on any written notice, instrument, or signature believed by it to be genuine and to have been signed or presented by the proper party or parties duly authorized to do so.  The Escrow Agent shall have no responsibility for the contents of any writing contemplated herein and may rely without any liability upon the contents thereof.

      g.      The Escrow Agent shall not be liable for any action taken or omitted by it in good faith and believed by it to be authorized hereby or within the rights or powers conferred upon it hereunder, including, without limitation, action taken in accordance with advice of counsel (which counsel may be of the Escrow Agent's own choosing), and shall not be liable for any mistake of fact or error of judgment or for any acts or omissions of any kind unless caused by its own willful misconduct or gross negligence.

      h.      RWTW, Mr. Graham, and Mr. Carnegie each hereby agrees to indemnify the Escrow Agent and hold it harmless against any and all liabilities incurred by it hereunder as a consequence of such Party's action, and RWTW, Mr. Graham, and Mr. Carnegie each agree, jointly and severally, to indemnify the Escrow Agent and hold it harmless against any and all liabilities incurred by it hereunder that are not a consequence of any Party's action, except in either case for liabilities incurred by the Escrow Agent resulting from its own willful misconduct and gross negligence.

      i.      The Parties acknowledge that the Escrow Agent has, from time to time, acted as counsel to RWTW and may continue to serve in that capacity, and neither anything contained herein, the execution or delivery hereof by the Escrow Agent, nor the performance by the Escrow Agent of its duties hereunder shall in any way effect or require termination of such relationships.

      j.      The duties and obligations of the Escrow Agent hereunder shall be determined solely by the express provisions of this Agreement.  No modifications of this Agreement or any agreement or instrument delivered pursuant hereto, and no other instrument or agreement shall, without the prior written consent of the Escrow Agent, modify any of the duties, obligations or rights of the Escrow Agent hereunder unless the Escrow Agent shall expressly consent thereto in writing.

SIGNATGURES APPEAR ON THE FOLLOWING PAGE

DocuSign Envelope ID: F3C1409A-F072-4461-9DA2-9CA99E6017C0

**IN WITNESS WHEREOF**, the Parties have executed this Agreement on the date set forth above.

Dated: December _26_, 2018

SHAWN GRAHAM

_Shawn Graham_

RWTW, LLC

By: _____

Name: _____

Title: _____

KADEEM CARNEGIE

_Kadeem Carnegie_

KITH RETAIL, LLC

By: _____

Name: _____

Title: _____

ROTTENBERG LIPMAN RICH, P.C.

By: _____
    Mark M. Rottenberg, Esq.
The Helmsley Building
230 Park Avenue, 18th Floor
New York, New York 10169
*Counsel for RWTW, LLC*

KATTEN MUCHIN ROSENMAN, LLP

By: _____
    Kristin J. Achterhof, Esq.
525 West Monroe Street
Chicago, Illinois 60661
*Counsel for Kith Retail, LLC*

NEW ERA CAP CO., INC.

By: _____

Name: _____

Title: _____

AMAZON.COM SERVICES, INC.

By: _Andrew Devore_
    058E9E5ABB8491

Name: _Andrew Devore_

Title: _Authorized Representative_

HODGSON RUSS, LLP

By: _____
    Neil Bryan Friedman, Esq.
605 3rd Avenue, Suite 2300
New York, New York 10158
*Counsel for New Era Cap Co., Inc.*

ARENT FOX LLP

By: _Michelle Mancino Marsh_
    Michelle Mancino Marsh, Esq.
1301 Avenue of the Americas, Floor 42
New York, New York 10019
*Counsel for Amazon.com Services, Inc.*

**IN WITNESS WHEREOF**, the Parties have executed this Agreement on the date set forth above.

Dated: December ___, 2018

SHAWN GRAHAM

_____

RWTW, LLC

By: _Roumaldo p Rivera_

Name: __Roumaldo P Rivera__

Title: __CEO__

ROTTENBERG LIPMAN RICH, P.C.

By: _____
      Mark M. Rottenberg, Esq.
The Helmsley Building
230 Park Avenue, 18th Floor
New York, New York 10169
*Counsel for RWTW, LLC*

NEW ERA CAP CO., INC.

By: _____

Name: _____

Title: _____

HODGSON RUSS, LLP

By: _____
      Neil Bryan Friedman, Esq.
605 3rd Avenue, Suite 2300
New York, New York 10158
*Counsel for New Era Cap Co., Inc.*


KADEEM CARNEGIE

_____

KITH RETAIL, LLC

By: _____

Name: _____

Title: _____

KATTEN MUCHIN ROSENMAN, LLP

By: _____
      Kristin J. Achterhof, Esq.
525 West Monroe Street
Chicago, Illinois 60661
*Counsel for Kith Retail, LLC*

AMAZON.COM SERVICES, INC.

By: _____

Name: _____

Title: _____

ARENT FOX LLP

By: _____
      Michelle Mancino Marsh, Esq.
1301 Avenue of the Americas, Floor 42
New York, New York 10019
*Counsel for Amazon.com Services, Inc.*

10

**IN WITNESS WHEREOF**, the Parties have executed this Agreement on the date set forth above.

Dated: December ___, 2018

| | |
|---|---|
| SHAWN GRAHAM | KADEEM CARNEGIE |
| _____ | _____ |
| RWTW, LLC | KITH RETAIL, LLC |
| By: _____ | By: _____ |
| Name: _____ | Name: _Ivo Nikolov_ |
| Title: _____ | Title: _CFO_ |

| | |
|---|---|
| ROTTENBERG LIPMAN RICH, P.C. | KATTEN MUCHIN ROSENMAN, LLP |
| By: _____ | By: _____ |
| Mark M. Rottenberg, Esq. | Kristin J. Achterhof, Esq. |
| The Helmsley Building | 525 West Monroe Street |
| 230 Park Avenue, 18th Floor | Chicago, Illinois 60661 |
| New York, New York 10169 | *Counsel for Kith Retail, LLC* |
| *Counsel for RWTW, LLC* | |

| | |
|---|---|
| NEW ERA CAP CO., INC. | AMAZON.COM SERVICES, INC. |
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |

| | |
|---|---|
| HODGSON RUSS, LLP | ARENT FOX LLP |
| By: _____ | By: _____ |
| Neil Bryan Friedman, Esq. | Michelle Mancino Marsh, Esq. |
| 605 3rd Avenue, Suite 2300 | 1301 Avenue of the Americas, Floor 42 |
| New York, New York 10158 | New York, New York 10019 |
| *Counsel for New Era Cap Co., Inc.* | *Counsel for Amazon.com Services, Inc.* |

**IN WITNESS WHEREOF**, the Parties have executed this Agreement on the date set forth above.

Dated: December 26, 2018

SHAWN GRAHAM                                        KADEEM CARNEGIE

_____                    _____

RWTW, LLC                                           KITH RETAIL, LLC

By: _____                  By: _____

Name: _____               Name: _____

Title: _____               Title: _____


ROTTENBERG LIPMAN RICH, P.C.                        KATTEN MUCHIN ROSENMAN, LLP


By: _____                  By: _____
     Mark M. Rottenberg, Esq.                        Kristin J. Achterhof, Esq.
The Helmsley Building                               525 West Monroe Street
230 Park Avenue, 18th Floor                         Chicago, Illinois 60661
New York, New York 10169                            *Counsel for Kith Retail, LLC*
*Counsel for RWTW, LLC*

NEW ERA CAP CO., INC.                               AMAZON.COM SERVICES, INC.

By: _____                  By: _____

Name: LORRIE L TURNER                               Name: _____

Title: VP GLOBAL LEGAL                              Title: _____

HODGSON RUSS, LLP                                   ARENT FOX LLP

By: _____                  By: _____
     Neil Bryan Friedman, Esq.                        Michelle Mancino Marsh, Esq.
605 3rd Avenue, Suite 2300                          1301 Avenue of the Americas, Floor 42
New York, New York 10158                            New York, New York 10019
*Counsel for New Era Cap Co., Inc.*                 *Counsel for Amazon.com Services, Inc.*

SO ORDERED:

_____
Hon. Andrew L. Carter, Jr.

# TRADEMARK ASSIGNMENT COVER SHEET

Electronic Version v1.1                                                    ETAS ID: TM445243
Stylesheet Version v1.2

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT OF THE ENTIRE INTEREST AND THE GOODWILL |

## CONVEYING PARTY DATA

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| Shawn Graham | | 09/18/2017 | INDIVIDUAL: UNITED STATES |

## RECEIVING PARTY DATA

| | |
|---|---|
| Name: | Kadeem Carnegie |
| Street Address: | 9918 Plum Creek Ln |
| Internal Address: | Suite D |
| City: | Charlotte |
| State/Country: | NORTH CAROLINA |
| Postal Code: | 28210 |
| Entity Type: | INDIVIDUAL: UNITED STATES |
| Name: | Shawn Graham |
| Street Address: | 2026 Strauss Street |
| City: | Brooklyn |
| State/Country: | NEW YORK |
| Postal Code: | 11212 |
| Entity Type: | INDIVIDUAL: UNITED STATES |

## PROPERTY NUMBERS Total: 2

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 5017663 | ROLL WITH THE WINNER'S |
| Registration Number: | 5017855 | RWTW |

OP $65.00 5017663

## CORRESPONDENCE DATA

**Fax Number:**
*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
|---|---|
| Email: | worldwidebrandsolutions@gmail.com |
| Correspondent Name: | Robert G. Lopez |
| Address Line 1: | 230 Clinton Street |
| Address Line 2: | Suite 11C |
| Address Line 4: | New York, NEW YORK 10002 |

| NAME OF SUBMITTER: | Shawn Graham |
|---|---|

900423148

**TRADEMARK
REEL: 006166 FRAME: 0189**

| SIGNATURE: | /Shawn Graham/ |
|---|---|
| DATE SIGNED: | 09/29/2017 |

**Total Attachments: 2**
source=RollWith.Assignment#page1.tif
source=RWTW.Assignment#page1.tif

## ASSIGNMENT OF TRADEMARK RIGHTS

**KNOW ALL MEN BY THESE PRESENTS**: Shawn Graham, an individual, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, has granted, bargained, sold, assigned, transferred and set over and by these presents does grant, bargain, sell, assign, transfer and set over unto Kadeem Carnegie, an individual, and Shawn Graham, an individual, their successors and assigns, all of its right, title and interest in and to the trademark known as United States Trademark Registration No. 5,017,663 for the mark **ROLL WITH THE WINNERS**; including, but not limited to, the goodwill, all rights and claims for damages and benefits arising because of any past infringement of trademarks, all common law rights, all state law rights.

Shawn Graham warrants that he is the owner of all right, title, interest and goodwill to the aforementioned trademark, that it has not sold, assigned, transferred, presently licensed, or in any other way encumbered the right, title and interest in the above-identified trademark.

**IN WITNESS WHEREOF**, I have hereunto set my hand and seal, this X day of September, 2017.

Shawn Graham,

By:/Shawn Graham/
Shawn Graham

## ASSIGNMENT OF TRADEMARK RIGHTS

**KNOW ALL MEN BY THESE PRESENTS**:   Shawn Graham, an individual, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, has granted, bargained, sold, assigned, transferred and set over and by these presents does grant, bargain, sell, assign, transfer and set over unto Kadeem Carnegie, an individual, and Shawn Graham, an individual, their successors and assigns, all of its right, title and interest in and to the trademark known as United States Trademark Registration No. 5,017,855 for the mark **RWTW**; including, but not limited to, the goodwill, all rights and claims for damages and benefits arising because of any past infringement of trademarks, all common law rights, all state law rights.

Shawn Graham warrants that he is the owner of all right, title, interest and goodwill to the aforementioned trademark, that it has not sold, assigned, transferred, presently licensed, or in any other way encumbered the right, title and interest in the above-identified trademark.

**IN WITNESS WHEREOF**, I have hereunto set my hand and seal, this ____ day of September, 2017.

Shawn Graham,

By:/Shawn Graham/
Shawn Graham

900423148  09/29/2017

# TRADEMARK ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

ETAS ID: TM445243

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT OF THE ENTIRE INTEREST AND THE GOODWILL |

## CONVEYING PARTY DATA

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| Shawn Graham | | 09/18/2017 | INDIVIDUAL: UNITED STATES |

## RECEIVING PARTY DATA

| | |
|---|---|
| Name: | Kadeem Carnegie |
| Street Address: | 9918 Plum Creek Ln |
| Internal Address: | Suite D |
| City: | Charlotte |
| State/Country: | NORTH CAROLINA |
| Postal Code: | 28210 |
| Entity Type: | INDIVIDUAL: UNITED STATES |
| Name: | Shawn Graham |
| Street Address: | 2026 Strauss Street |
| City: | Brooklyn |
| State/Country: | NEW YORK |
| Postal Code: | 11212 |
| Entity Type: | INDIVIDUAL: UNITED STATES |

## PROPERTY NUMBERS Total: 2

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 5017663 | ROLL WITH THE WINNER'S |
| Registration Number: | 5017855 | RWTW |

OP $65.00 5017663

## CORRESPONDENCE DATA

**Fax Number:**
*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
|---|---|
| Email: | worldwidebrandsolutions@gmail.com |
| Correspondent Name: | Robert G. Lopez |
| Address Line 1: | 230 Clinton Street |
| Address Line 2: | Suite 11C |
| Address Line 4: | New York, NEW YORK 10002 |

| NAME OF SUBMITTER: | Shawn Graham |
|---|---|

| SIGNATURE: | /Shawn Graham/ |
|---|---|
| DATE SIGNED: | 09/29/2017 |

**Total Attachments: 2**
source=RollWith.Assignment#page1.tif
source=RWTW.Assignment#page1.tif

## ASSIGNMENT OF TRADEMARK RIGHTS

**KNOW ALL MEN BY THESE PRESENTS**:   Shawn Graham, an individual, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, has granted, bargained, sold, assigned, transferred and set over and by these presents does grant, bargain, sell, assign, transfer and set over unto Kadeem Carnegie, an individual, and Shawn Graham, an individual, their successors and assigns, all of its right, title and interest in and to the trademark known as United States Trademark Registration No. 5,017,663 for the mark **ROLL WITH THE WINNERS**; including, but not limited to, the goodwill, all rights and claims for damages and benefits arising because of any past infringement of trademarks, all common law rights, all state law rights.

Shawn Graham warrants that he is the owner of all right, title, interest and goodwill to the aforementioned trademark, that it has not sold, assigned, transferred, presently licensed, or in any other way encumbered the right, title and interest in the above-identified trademark.

**IN WITNESS WHEREOF**, I have hereunto set my hand and seal, this ⟨X⟩ day of September, 2017.

Shawn Graham.

By:/Shawn Graham/
Shawn Graham

**TRADEMARK
REEL: 006166 FRAME: 0191**

## ASSIGNMENT OF TRADEMARK RIGHTS

**KNOW ALL MEN BY THESE PRESENTS:**   Shawn Graham, an individual, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, has granted, bargained, sold, assigned, transferred and set over and by these presents does grant, bargain, sell, assign, transfer and set over unto Kadeem Carnegie, an individual, and Shawn Graham, an individual, their successors and assigns, all of its right, title and interest in and to the trademark known as United States Trademark Registration No. 5,017,855 for the mark **RWTW**; including, but not limited to, the goodwill, all rights and claims for damages and benefits arising because of any past infringement of trademarks, all common law rights, all state law rights.

Shawn Graham warrants that he is the owner of all right, title, interest and goodwill to the aforementioned trademark, that it has not sold, assigned, transferred, presently licensed, or in any other way encumbered the right, title and interest in the above-identified trademark.

**IN WITNESS WHEREOF,** I have hereunto set my hand and seal, this ___ day of September, 2017.

Shawn Graham,

By:/Shawn Graham/
Shawn Graham

**TRADEMARK
REEL: 006166 FRAME: 0192**

Exhibit B

Case 1:18-cv-06812-ALC   Document 51   Filed 01/15/19   Page 23 of 27
Case 1:18-cv-06812-ALC   Document 28   Filed 10/10/18   Page 1 of 3

RECEIVED

18 OCT 10 PM 6:45

U.S. DISTRICT COURT
S.D.N.Y.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SHAWN GRAHAM, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    **Civil Action No. 18 CV 6812** |
| | ) |
| **RWTW, LLC,** | ) |
| **KITH RETAIL, LLC,** | ) |
| **NEW ERA CAP CO., INC.,** | ) |
| **AMAZON.COM SERVICES, INC., and** | ) |
| **SEARS HOLDINGS MANAGEMENT** | ) |
| **CORPORATION** | ) |
| | ) |
| **Defendants.** | ) |

## STIPULATION OF DISMISSAL

IT IS HEREBY STIPULATED by Plaintiff, Robert G. Lopez, that the above captioned action is hereby dismissed with prejudice **ONLY** as to Defendant Sears Holding Management Corporation and without Court cost or fees to any party against the other.

The case shall remain against the other named Defendants to the above action.

Dated: October **5** , 2018

**SHAWN GRAHAM**

By: *Shawn Graham*

Shawn Graham
Pro Se Plaintiff
222 E 104th Street – Suite 901
New York, New York 10029

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _10-10-18_

2018 OCT 11 AM 10:34
RECEIVED
SDNY DOCKET UNIT

SO ORDERED:

_____
U.S.D.J.

RECEIVED
SDNY DOCKET UNIT

2018 OCT 11   AM 10: 34



**Shawn Graham**
222 E 104th Street – Suite 901
New York, New York 10029

TO:

Pro Se Office – 2nd Floor
500 Pearl Street
New York, New York 10007

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
SHAWN GRAHAM,                                     :
                                                  :     Civil Case No.: 1:18-cv-6812
                          Plaintiff,              :
                                                  :
            -against-                             :
                                                  :
RWTW, LLC, KITH RETAIL, LLC, NEW ERA CAP          :
CO., INC., AMAZON.COM SERVICES, INC., and         :
SEARS HOLDINGS MANAGEMENT                         :
CORPORATION,                                      :
                                                  :
                          Defendants.             :
------------------------------------------------------------------ X

**STIPULATION OF DISCONTINUANCE AND DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between pro se plaintiff, Shawn
Graham, and counsel for defendants, RWTW, LLC, Kith Retail, LLC, New Era Cap Co., Inc.
and Amazon.com Services, Inc., that this action is dismissed and discontinued with prejudice,
and all parties are to bear their own costs and attorneys' fee, except that the Court shall retain
jurisdiction over this action sole for the purpose of enforcing the parties rights and obligations
under the settlement agreement filed in this action.

Dated:  December ___, 2018

SHAWN GRAHAM                          ROTTENBERG LIPMAN RICH, P.C.


_____           By: _____
                                            Mark M. Rottenberg, Esq.
                                      The Helmsley Building
                                      230 Park Avenue, 18th Floor
                                      New York, New York 10169
                                      *Counsel for RWTW, LLC*


KATTEN MUCHIN ROSENMAN, LLP           HODGSON RUSS, LLP


By: _____    By: _____
        Matthew Paul Celano, Esq.           Neil Bryan Friedman, Esq.
575 Madison Avenue                    605 3rd Avenue, Suite 2300
New York, New York 1022               New York, New York 10158
*Counsel for Kith Retail, LLC*        *Counsel for New Era Cap Co., Inc.*

ARENT FOX LLP                           SO ORDERED:


By: _____          _____
      Michelle Mancino Marsh, Esq.       Hon. Andrew L. Carter, Jr.
1301 Avenue of the Americas, Floor 42
New York, New York 10019
*Counsel for Amazon.com Services, Inc.*

2